1  Mark D. Kremer (SB# 100978)
   *m.kremer@conklelaw.com*
2  Zachary Page (SB# 293885)
   *z.page@conklelaw.com*
3  CONKLE, KREMER & ENGEL
   Professional Law Corporation
4  3130 Wilshire Boulevard, Suite 500
   Santa Monica, California  90403-2351
5  Phone: (310) 998-9100 • Fax: (310) 998-9109

6  Attorneys for Plaintiff American
   International Industries

7

8            UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

| | |
|---|---|
| American International Industries, a California general partnership,<br><br>Plaintiff,<br><br>v.<br><br>King Research, Inc., a Wisconsin corporation, and DOES 1-10, Inclusive<br><br>Defendants. | CASE No.<br><br>**COMPLAINT FOR:**<br><br>1. **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION [15 U.S.C. § 1125(a)]**<br><br>2. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>3. **STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING [B&P CODE §§ 17200 *et seq.* & 17500 *et seq.*]**<br><br>4. **CANCELLATION OF TRADEMARK REGISTRATION [15 U.S.C § 1064]**<br><br>**DEMAND FOR JURY TRIAL** |

0067.243\9998

COMPLAINT

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under and this Court has original jurisdiction pursuant to 15 U.S.C. § 1125 (false advertising), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), 28 U.S.C. § 1332 (diversity), 28 U.S.C. § 1338(b) (unfair competition), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims occurred in this judicial district, and because Defendant is subject to the Court's personal jurisdiction with respect to this action. 28 U.S.C. § 1391(c)(2).

## THE PARTIES

3. American International Industries ("AII") is a California general partnership with a principal place of business in Los Angeles, California.

4. Plaintiff is informed and believes that Defendant King Research, Inc. ("King Research") is a Wisconsin corporation. On information and belief, King Research markets and sells products throughout the United States, including in Los Angeles County, California.

5. On information and belief, there are other individuals who make, obtain, distribute, supply and sell products in violation of law, and violate AII's rights as alleged herein, but AII is ignorant of their true identity or complete role in the alleged conduct and therefore sues them by the fictitious names DOES 1 to 10. AII is informed and believes that each of the defendants designated as a Doe is liable in some manner for the acts, omissions and injuries of which AII alleges in this Complaint. AII will

0067.243\9998

-1-
COMPLAINT

seek to amend this Complaint to state the true identities of Does 1 through 10 when ascertained. King Research and the Doe Defendants are referred to collectively as "Defendants."

6. On information and belief, each of the Defendants was at all relevant times acting to the fullest extent recognized by law as the agent, employee or co-conspirator of each of the other Defendants and that in committing the acts and omissions alleged herein and causing the injuries alleged, was acting within the scope of such agency, employment, conspiracy, joint venture or partnership relationship. The Defendants have committed acts in furtherance of the conspiracy, have given aid and encouragement to their co-conspirators and have ratified and adopted the acts of their co-conspirators.

7. On information and belief there exists, and at all times mentioned there existed, a unity of interests and ownership between individual Defendants and business entity defendants such that any individuality and separateness between the individual and businesses never existed or has ceased to exist, and each Defendant is in each instance the alter ego of the other Defendants who control all such entities. To adhere to the fiction of the Defendant entities as having existence as separate and distinct from the individual Defendants or from those with them and who owned and controlled them would permit an abuse of the corporate and other entity privileges, would sanction fraud, and would promote injustice.

## AII'S TRADE DRESS

8. AII distributes in the United States talcum powder products under AII's distinctive CLUBMAN mark and trade dress (the "Clubman Products"). A true and correct color photograph of the Clubman Product is shown below.

**Clubman Product**



9. The Clubman Products are sold in mass market retailers such as CVS and Walgreens, as well as a variety of online retailers.

10. The packaging in which AII sells the Clubman Products (the "Clubman Trade Dress") is non-functional and is either inherently distinctive or, in the alternative, has acquired secondary meaning and has become exclusively associated with AII in the minds of consumers. The Clubman Trade Dress is the overall appearance of the Clubman Products' packaging and advertising, including but not limited to each of the following elements individually and in combination with one another: a green container with a white cap; a label featuring alternating bands of green and light green; a black and white drawing of a man leaning on a cane (the "Clubman Figure"); and horizontal red text near the middle of the label.

11. Beginning long before the introduction of the Accused Products identified below, AII or its predecessor in interest has continuously used the Clubman Trade Dress in connection with talcum powder products in commerce in the United States. As a result of its success, AII has built goodwill and value in the Clubman Trade Dress such that consumers associate the Trade Dress exclusively with AII.

12. Beginning long before the introduction of the Accused Products identified below, AII or its predecessor in interest has continuously used the Clubman Figure in connection with talcum powder products in commerce in the United States. As a result of its success, AII has built goodwill and value in the Clubman Figure such that consumers associated the Clubman Figure exclusively with AII.

## DEFENDANTS' INFRINGING PRODUCTS

13. AII recently discovered that Defendants are manufacturing, distributing and selling in the United States hair care products under the name "King Talc" utilizing elements which are confusingly similar to the Clubman Trade Dress without authorization from AII (the "Accused Products").

14. The following image is a true and correct photograph of one of the Accused Products.

**Accused Products**



15. The Accused Products infringe the Clubman Trade Dress. Defendants' product packaging prominently features a black and white drawing of a man holding a

cane or staff, a label with alternating green and light green stripes, horizontal red text across the middle of the label, and a green container with a white cap.

16. Plaintiff is informed and believes that on or around January 15, 2013, King Research registered a trademark for the black and white drawing of the figure featured on the Accused Products' labels with the United States Patent and Trademark Office (Reg. No. 4,275,221 (the "King Research Registration")). The following is a true and correct image of the King Research Registration:

**King Research Registration**



**DEFENDANTS' WRONGFUL ACTIVITIES**

17. Defendants are manufacturing and distributing the Accused Products in an attempt to unfairly capitalize on the substantial goodwill AII has acquired in the Clubman Trade Dress. Defendants' advertising and sale of the Accused Products are designed to confuse and deceive consumers into believing the Accused Products are made, sponsored or endorsed by AII.

18. On information and belief, the Accused Products are advertised and sold in beauty supply stores and various online retailers.

19. On information and belief, Defendants knew about AII, the Clubman Products and Clubman Trade Dress when designing the packaging of the Accused Products.

20. The trade dress and marketing efforts for the Accused Products have been created and used in such a way to promote confusion in the marketplace. On information and belief, the acts of Defendants were willful and were committed with the intent to cause confusion, mistake or to deceive.

## FIRST CLAIM FOR RELIEF
## FOR FALSE DESIGNATION OF ORIGIN
## AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125
## (AGAINST ALL DEFENDANTS)

21. AII incorporates and realleges paragraphs 1 through 20 of this Complaint.

22. The Clubman Trade Dress has acquired secondary meaning and is uniquely associated with AII in the minds of consumers.

23. The Clubman Figure is inherently distinctive as used with talcum powder products, or, in the alternative, has acquired secondary meaning and is uniquely associated with AII in the minds of consumers.

24. The Accused Products infringe the Clubman Trade Dress and Clubman Figure by confusing or deceiving consumers that AII is the source of or sponsor of the Accused Products. Defendants' conduct constitutes infringement of the Clubman Trade Dress and Clubman Figure and unfair competition in violation of 15 U.S.C. § 1125(a).

25. Defendants' acts have caused and will continue to cause AII to suffer injury to its business, goodwill and property.

26. AII has no adequate remedy at law. Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to AII that are difficult, if not impossible, to measure. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Clubman Trade Dress, AII will continue to suffer irreparable harm.

27. On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of Clubman Trade Dress, Clubman Figure and the Clubman Products, and to cause injury to AII. As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and attorneys' fees should be awarded.

**SECOND CLAIM FOR RELIEF**
**FOR COMMON LAW TRADEMARK INFRINGEMENT**
**AND UNFAIR COMPETITION**
**(AGAINST ALL DEFENDANTS)**

28. AII incorporates and realleges paragraphs 1 through 27 of this Complaint.

29. Defendants' actions constitute infringement of AII's common law rights in the Clubman Trade Dress and Clubman Figure, and will confuse and deceive the public concerning the source, affiliation or sponsorship of the Accused Products.

30. In performing the acts and unfair business practices alleged, Defendants are engaging in unlawful and unfair competition in violation of AII's rights.

31. As a direct and proximate result of Defendants' unlawful acts alleged herein, including infringement of the Clubman Trade Dress and Clubman Figure, AII has suffered and will continue to suffer injury to its business, goodwill and property.

32. On information and belief, Defendants' acts and omissions as alleged herein were committed knowingly, intentionally and willfully with the intent to trade on AII's goodwill in the Clubman Products, and the Clubman Trade Dress and Clubman Figure.

33. AII has no adequate remedy at law. Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to AII that are difficult, if not impossible, to measure. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Clubman Trade Dress and Clubman Figure, AII will continue to suffer irreparable harm.

34. On information and belief, Defendants, in engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on the reputation and goodwill of AII, the Clubman Trade Dress, Clubman Figure and the Clubman Products, and to cause injury to AII. AII should be awarded punitive damages.

# THIRD CLAIM FOR RELIEF
# FOR STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING
# UNDER CAL. BUS. & PROF. CODE §§ 17200 AND 17500
# (AGAINST ALL DEFENDANTS)

35. AII incorporates and realleges paragraphs 1 through 34 of this Complaint.

36. Defendants' unlawful acts and practices consist of infringement of AII's common law and statutory rights in the Clubman Trade Dress and Clubman Figure.

37. In performing the unlawful acts and unfair business practices alleged, Defendants are engaging in unlawful and unfair competition in violation of AII's rights. Defendants have obtained revenue and profit by their acts of unfair competition and they should be ordered to disgorge all such revenue and profit. Defendants will continue such unfair and fraudulent business practices unless and until they are restrained.

38. AII has no adequate remedy at law. Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to AII that are difficult, if not impossible, to measure. Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged including infringement of the Clubman Trade Dress and Clubman Figure, AII will continue to suffer irreparable harm.

## FOURTH CLAIM FOR RELIEF
## FOR CANCELLATION OF REG. NO 4,275,221
## UNDER 15 U.S.C. § 1064
## (AGAINST KING RESEARCH, INC.)

39. AII incorporates and realleges paragraphs 1 through 38 of this Complaint.

40. The King Research Registration infringes the Clubman Figure by confusing or deceiving consumers that AII is the source of or sponsor of the products featuring the King Research Registration. Defendants' conduct constitutes infringement of the Clubman Figure and unfair competition in violation of 15 U.S.C. § 1125(a).

41. The King Research Registration has caused and will continue to cause AII to suffer injury to its business, goodwill and property.

42. AII has no adequate remedy at law. Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to AII that are difficult, if not impossible, to measure. Unless the King Research Registration is cancelled, AII will continue to suffer irreparable harm.

## PRAYER

**WHEREFORE**, AII prays for judgment as follows:

1. For preliminary and permanent injunctive relief against all Defendants, and each of them, and their officers, agents, attorneys, representatives and assigns, and all persons acting in active concert or participation with them, from doing any of the

following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

      a.    Infringing the Clubman Trade Dress and any other trademark, trade dress or other intellectual property right owned or controlled by AII;

      b.    Causing a likelihood of confusion, deception, or mistake as to the source, nature, or quality of AII's goods or causing confusion, deception or mistake as to the source, nature or quality of the Accused Products;

      c.    Using any false designation of origin or false representation concerning any of the Accused Products.

2.    For an order directing Defendants, and each of them, to file with this Court and serve on AII within 30 days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

3.    For an order requiring Defendants, and each of them, to deliver to AII all products, literature, advertising, and other material bearing any infringing trademarks or trade dress or a use of any trademark or trade dress constituting federal, California state or common law unfair competition;

4.    For an order requiring Defendants to account for all sales and transfers of any of the Accused Products, including an order that they submit to AII immediately all records of all purchases, sales, and other materials pertaining to the acquisition and distribution of the Accused Products;

5.  Cancellation of U.S. Trademark Registration No. 4,275,221.

6.  For statutory damages under 15 U.S.C. § 1117(c);

7.  For punitive and exemplary damages in an amount sufficient to punish Defendants and defer such conduct in the future;

8.  For attorneys' fees;

9.  For costs; and

10. For such other and further relief as the Court deems just and proper.

Dated: April 6, 2015

Mark D. Kremer
Zachary Page, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation

By: /s/ Zachary Page
Zachary Page
Attorneys for Plaintiff American International Industries

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues so triable.

Dated: April 6, 2015

Mark D. Kremer
Zachary Page, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation

By: *[signature]*
Zachary Page
Attorneys for American International Industries
0067.243\9998

-13-
COMPLAINT